**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Antonio Aguilar, | ) | No. CV-08-1650-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' response (doc. 10), the report and recommendation of the United States Magistrate Judge (doc. 11), and petitioner's objections (doc. 12).

In his federal habeas petition, petitioner asserts three grounds for relief: (1) denial of his speedy trial rights by counsel's waiver of those rights over petitioner's objection, (2) prosecutorial misconduct through the use of perjured testimony, and (3) ineffective assistance of counsel through counsel's failure to admit police reports to impeach officers' testimony.

With respect to ground one, we agree with the magistrate judge that petitioner's claim raises a speedy trial rights claim, and not a claim of ineffective assistance of counsel. We also agree with the magistrate judge that, because there is no established speedy trial right beyond the verdict, petitioner's objection to the delay during the sentencing phase will not support habeas relief. Finally, we agree that petitioner is bound by his counsel's consent to

waive his speedy trial rights resulting in the delayed start of his trial. There is no allegation that petitioner objected to this waiver. Accordingly, ground one is without merit and is denied.

In ground two, petitioner argues that he suffered from prosecutorial misconduct because of the prosecutor's use of perjured testimony. Though his argument is unclear, it appears that petitioner contends that there were inconsistencies between the police reports and Officer Smith's testimony. We agree with the magistrate judge that the claimed discrepancies are insignificant (e.g., when Officer Smith turned off the suspect's vehicle; whether Officer Smith was present during the search). A "mere inconsistency is not tantamount to perjury absent a showing of knowing falsehood." United States v. Flake, 746 F.2d 535, 539 (9th Cir. 1984). Ground two is without merit and is denied.

Petitioner asserts in ground three that trial counsel was ineffective for failing to introduce the police report into evidence to impeach the police officers' testimony (doc. 1 at 44). In his objections to the report and recommendation, petitioner characterizes his ineffective assistance claim as stemming from counsel's failure to object when the prosecutor used the police reports to impeach him (doc. 12 at 2).

First, we agree with the magistrate judge that the trial counsel's decision not to introduce the police report into evidence to impeach the officers' testimony was a strategic decision that itself is insufficient to support a charge of inadequate representation. Moreover, even if we accept the construction of the ineffective assistance claim presented for the first time in petitioner's objections, we nevertheless conclude that it is without merit. The trial court struck the testimony from the record and instructed the jury not to consider it for any purpose. See Answer, exhibit A at 10. We presume that the jury abides by the court's instructions. State v. Ramirez, 178 Ariz. 116, 127, 871 P.2d 237, 248 (1994). Ground three is without merit and is denied.

Therefore, after our *de novo* consideration of the issues, we accept the recommended decision of the magistrate judge, pursuant to Rule 8(b), Rules Governing § 2254 Cases.

1     **IT IS ORDERED** that the clerk shall substitute Charles L. Ryan, successor Director
2 of the Arizona Department of Corrections, for Respondent Dora Schriro.
3     **IT IS FURTHER ORDERED DENYING** the petition for writ of habeas corpus
4 (doc. 1).
5     DATED this 10th day of September, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge